UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
CLAUDIA DIFOLCO,                                  :
                                                  :      06 CV 4728 (LAP)
Plaintiff,                                        :
                                                  :
v.                                                :
                                                  :
MSNBC CABLE L.L.C., RICK KAPLAN, and              :
SCOTT LEON                                        :
                                                  :
                                                  :
Defendants.                                       :
------------------------------------------------- x

# DEFENDANTS' RULE 56.1 STATEMENT

1. Plaintiff Claudia DiFolco entered into a two-year employment contract ("the Contract") with Defendant MSNBC, covering the time period from January 2005 to January 2007. *See* Ex. 2; Compl. ¶¶ 16-17.

2. MSNBC hired Plaintiff to be the Los Angeles based correspondent for two shows, "MSNBC at the Movies" and "MSNBC Entertainment Hot List." Compl. ¶¶ 15, 18; Ex. 1 at 80.

3. Under the Contract, Plaintiff was obligated to work for MSNBC for the entire two-year period and did not have the right to leave MSNBC after one year. *See DiFolco v. MSNBC*, No. 06 Civ. 4728(LAP), 2007 WL 959085, at * 3 (S.D.N.Y. Mar. 30, 2007); Ex. 1 at 93-96.

4. In the summer of 2005, Plaintiff was not happy with her work at MSNBC. Ex. 1 at 119:25-120:3. She found the environment "toxic" and did not like the way she was being treated. *Id.* at 120. She also thought that the producer that she worked with in

Los Angeles, Cassandra Brownstein, and her direct supervisor, Scott Leon, were unprofessional. *Id.* at 120-21.

5.   In approximately July 2005, Plaintiff began considering leaving MSNBC because of her "working conditions." Ex. 1 at 144:15-145:5; *see also id.* at 153:8-11.

6.   On August 22, 2005, Plaintiff returned from vacation in Europe. Ex. 1 at 163:23-164:5.

7.   On that same day, Plaintiff received a voice mail message from Cassandra Brownstein that she found condescending and that she thought accused her of having missed work. Ex. 1 at 164.

8.   Plaintiff also received an email message from Ms. Brownstein that day. Ex. 3 at 505. Plaintiff described Ms. Brownstein's August 22 email as "manipulative." *Id.*

9.   On the next day, August 23, at 10:07 a.m., Plaintiff sent an email to Defendant Rick Kaplan, then President of MSNBC. Ex. 4; *see also* Ex. 6 at 500.

10.   In the August 23 email, Plaintiff wrote that she wanted "to discuss my exit from the shows" and "make sure i do this in the least disruptive manner possible and give you ample time to replace me." *Id.*

11.   In sending the August 23 email, Plaintiff wanted Mr. Kaplan to "believe that there could have been [the] possibility" that she was planning to leave by the end of the first year of her contract. Ex. 1 at 169:7-170:3; *see also id.* at 173:24-174:5.

12.   On the same day, August 23, Plaintiff spoke on the telephone several times with her talent agent, Ken Lindner. *See* Lindner Dec. ¶ 4; Ex. 5.

13. In the phone calls, she said that she had decided that she was leaving MSNBC, and that she had expressed to Rick Kaplan that she was leaving. Lindner Dec. ¶ 4; Ex. 5.

14. In the morning of August 24, Plaintiff forwarded to Mr. Lindner her August 23 email to Rick Kaplan. *See* Ex. 1 at 273-274; Ex. 6. The cover note on the forwarded email stated: "ken, i should have let you know about this letter earlier, but i just couldn't take it anymore. i tried so hard to fix this . . . from my perspective, and others' who have worked with scott, past and present, the environment is toxic and the situation hopeless. please call me to discuss . . ." Ex. 6 (ellipsis in original).

15. Later on August 24, Plaintiff sent another email to Rick Kaplan that said in part: "to be clear, i did not resign yesterday and was merely giving you significant notice of my intention so you could begin thinking about alternatives for next year." *See* Ex. 1 at 174-175; Ex. 7.

16. In sending the August 24 email to Mr. Kaplan, Plaintiff wanted him to believe that she was giving notice. Ex. 1 at 179:13-180:5.

17. On August 31, Plaintiff sent a final email to Mr. Kaplan, on which she copied her agent Ken Lindner. *See* Ex. 13. In this email, she wrote: "It was my intention to give you long-term notice that I was terribly disappointed in the way I was treated and was not planning on returning for the second year of my contract." *Id.* at 40.

18. As of August 23, 2005, Plaintiff was unhappy at MSNBC and told her agent that she had decided to advise MSNBC that she was leaving the network. Lindner Dec. at ¶ 4; Ex. 5; Ex. 1 at 119:25-120:10.

19. When a dispute subsequently arose about what Plaintiff had relayed to MSNBC, Plaintiff maintained that she had not resigned, but that she had simply advised MSNBC that she would not be returning for the second year of her contract. Lindner Dec. at ¶ 4; Ex. 12.

20. At no time did Plaintiff ever indicate to her agent that she was interested in staying, or willing to stay, at MSNBC longer than beyond her first contract year. Lindner Dec. at ¶ 4; Ex. 12.

21. Mr. Kaplan interpreted Plaintiff's August 23 and 24 emails as a resignation. Ex. 14 at 10-21, 27-32, 52-55; Ex. 8 at 419-421; Exs. 9-10.

22. Mr. Kaplan also decided that it would be better for the company if Plaintiff left sooner rather than later, given her obvious unhappiness. Ex. 14 at 63-64; Ex. 9.

23. Following Plaintiff's August 2005 emails to him, Mr. Kaplan directed that Plaintiff be removed from the payroll in September 2005. Ex. 14 at 51-53; Exs. 10-11.

24. No evidence has been produced linking any of the MSNBC Defendants to the Internet postings about Plaintiff discussed in the Complaint. *See* Compl. ¶¶ 51-53 (identifying three postings occurring from August 31, 2005 to September 4, 2005); Ex. 1 at 258-266; Exs. 16, 17, 18.

25. Mr. Leon and Mr. Kaplan had nothing to do with these postings. Ex. 19 at 345-46, 354-57; Ex. 14 at 64-67, 73-77.

26. By the time of the first internet posting on Inside Cable, on August 31, 2005, Ex. 16, at least nine people outside MSNBC knew of the substance of Plaintiff's

4

August emails with Mr. Kaplan. *See* Ex. 1 at 188-191, 271-273, 281; Ex. 6; Ex. 10; Ex. 12; Ex. 20.

27.     By the time of the NewsBlues posting, on September 1, Ex. 18, approximately 80,000 people could have seen the August 31 Inside Cable posting, which said that Plaintiff had quit MSNBC. Compl. ¶ 54 (stating that Inside Cable reaches approximately 80,000 people).

28.     By the time of the TVSpy posting on September 4, Ex. 17, approximately 80,000 people could have read the first two postings and been aware that Plaintiff had left MSNBC. Compl. ¶ 54 (stating that Inside Cable and News Blues reach approximately 80,000 individuals each).

29.     MSNBC sent Plaintiff, and Plaintiff received, a Notice dated November 14, 2005. *See* Ex. 15.

30.     The Notice referred to the Contract and stated in relevant part:

> Pursuant to Paragraph 4(a) of the Agreement, the term of the Agreement commenced as of January 17, 2005 . . . In addition to its other rights, MSNBC reserved the unilateral right to terminate this Agreement at the end of the first cycle by giving Artist written notice not less than sixty (60) days prior to the end of such cycle.
>
> Artist resigned from her employment at MSNBC obviating the need for MSNBC to provide notice to terminate the Agreement. Whereas Artist, through her designated representative(s), is now attempting to deny any such resignation, MSNBC, while rejecting Artist's denial and while reserving all rights and defenses, hereby provides such notice to Artist.

*Id.*

Dated: June 10, 2011
      New York, New York

                                          */s/ Julie Rikelman*
                                          Julie Rikelman (JR 4888)
                                          NBCUniversal Media, LLC
                                          30 Rockefeller Plaza, Room 1011E
                                          New York, NY 10112
                                          (212) 664-4167
                                          (212) 664-6572

                                          Counsel for Defendants